**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| *In re* THOMAS W. OLICK | 5:14-cv-044 |
| | 2:07-ap-60 |

**MEMORANDUM**

YOHN, J.                                                                                           August 27, 2014

      Debtor Thomas Olick files this appeal challenging the bankruptcy court's revocation of his *in forma pauperis* status and reinstatement of previously waived fees. For the following reasons, I will vacate the order revoking Olick's *in forma pauperis* status.

**I.     Background**

      On February 9, 2007, Olick filed the underlying Chapter 13 bankruptcy, 07-bk-10880. Over the next seven years, he initiated no less than fifteen related adversary actions. The instant appeal arises from 07-adv-060, an adversary action filed by Olick on February 28, 2007 against James Kearney, Thomas Jenkins, The Knights of Columbus ("The Knights"), and Aetna Life Insurance Co.

      On December 28, 2009, the bankruptcy court issued an order in 07-adv-060 granting judgment to Olick and against The Knights in the amount of $14,997.83 plus to-be-determined-costs. It otherwise denied relief. On December 30, 2009, Olick filed a notice of appeal, and the next day he filed a motion to proceed on the appeal *in forma pauperis*. On February 5, 2010, the bankruptcy court granted the motion for leave to appeal *in forma pauperis*. On appeal, docketed 10-cv-458, Olick contended that the bankruptcy court erred in its assessment of damages and in

its partial denial of relief. On November 30, 2011, I affirmed the order of the bankruptcy court. Olick thereafter appealed to the Third Circuit, which affirmed on September 21, 2012.

On December 2, 2013—with appeals of the bankruptcy court's December 28, 2009 order finally concluded—the bankruptcy court held a hearing on the taxation of costs against The Knights. At the end of the hearing, the bankruptcy court issued an order taxing $9,708.89 against The Knights and in favor of Olick. Additionally, the bankruptcy court orally advised Olick that it intended to vacate its order of February 5, 2010 permitting him to proceed *in forma pauperis* on his appeal. By way of explanation, the bankruptcy court stated that The Knights' upcoming payment of approximately $25,000 to Olick meant "changed circumstances" for his financial situation, such that Olick "now . . . ha[d] the ability to pay the fee in the litigation that [he] instituted."

On December 3, 2013, the bankruptcy court issued an order that (1) vacated its order of February 5, 2010 granting leave to appeal *in forma pauperis*; (2) denied Olick's December 31, 2009 motion for leave to proceed *in forma pauperis*, and (3) required Olick, within 21 days of receiving at least $15,000 from The Knights, to pay the clerk of the bankruptcy court the amount of the previously waived fee—$255. As explanation, the bankruptcy court stated that "in the near future, the Plaintiff will be recovering an amount in the approximate amount of $23,000.00 to $25,000.00 from the Knights of Columbus," and that "this court has the authority to vacate an order granting a plaintiff leave to proceed *in forma pauperis* if the plaintiff's financial condition improves during the course of the litigation."

On December 10, 2013, Olick filed a motion for reconsideration of the bankruptcy court's December 3, 2013 order. According to Olick, (1) any retroactively imposed filing fees were recoverable costs properly borne by The Knights, and (2) the bankruptcy court erred in

revoking his *in forma pauperis* status without inquiring into the circumstances of his financial situation notwithstanding the recovery from The Knights. Attached to Olick's motion was a November 2013 notice from Bank of America stating a past-due amount of $64,480.03, as well as notices from Northampton County dated July 2012 advising of forced property sales to satisfy over $16,000 in unpaid taxes. The bankruptcy court denied Olick's motion for reconsideration the next day and a subsequent motion for leave to appeal *in forma pauperis* on December 30, 2013.

On January 7, 2014, Olick filed the instant appeal challenging the bankruptcy court's December 3, 2013 order requiring him to pay the $255 filing fee. After delay related to lack of prosecution, Olick filed his brief on March 4, 2014. The appeal is unopposed, and Olick's brief is the only one before the court.

## II.     Jurisdiction and Legal Standards

The district court has jurisdiction of all appeals from "final judgments, orders, and decrees" of the bankruptcy court. *See* 28 U.S.C. § 158(a)(1). A denial of a motion for leave to proceed *in forma pauperis* is final and therefore appealable. *Cotto v. Tennis*, 369 F. App'x 321, 322 (3d Cir. 2010) (describing Third Circuit standard for reviewing district court's denial of motion for leave to proceed *in forma pauperis*).

Denials of leave to proceed *in forma pauperis* are reviewed for abuse of discretion. *Id.* An abuse of discretion can occur "if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases [the determination] upon findings of fact that are clearly erroneous." *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 257 (3d Cir. 1995). I apply these same standards to a revocation of leave to proceed *in forma pauperis*.

**III.     Discussion**

Olick raises two issues in his appeal. First, Olick contends that the money received from The Knights did not sufficiently improve his financial situation to justify revoking his *in forma pauperis* status, and that the bankruptcy court erred in refusing to consider elements of his financial situation other than the judgment from The Knights. Second, Olick contends that, as a matter of law, *in forma pauperis* status may only be revoked prospectively.

**A.     Revocation**

Olick does not dispute that a bankruptcy court may revoke a debtor's *in forma pauperis* status under appropriate circumstances. But he contends that the bankruptcy court abused its discretion by revoking his *in forma pauperis* status without inquiring into the balance of his personal financial situation notwithstanding the award from The Knights.

In revoking Olick's leave to proceed *in forma pauperis* upon receipt of the award from The Knights, the bankruptcy court stated that a court "has the authority to vacate an order granting a plaintiff leave to proceed *in forma pauperis* if the plaintiff's financial condition improves during the course of the litigation." In support, the bankruptcy court cited to *Treff v. Galetka*, 74 F.3d 191 (10th Cir. 1996); *Prade v. Jackson & Kelly*, 941 F. Supp. 596 (N.D. W. Va. 1996); *Allen v. Kelley*, 1995 WL 396860 (N.D. Cal. June 29, 1995); and *Murphy v. Jones*, 801 F. Supp. 283 (E.D. Mo. 1992). To the extent these cases offer a common standard for when a court may revoke leave to proceed *in forma pauperis*, it is provided by *Murphy*, which held that a "court may revoke plaintiff's *in forma pauperis* status if there is sufficient evidence that plaintiff's financial condition has improved to the point that plaintiff's economic situation is no longer a significant barrier to maintaining the action." *See Murphy*, 801 F. Supp. at 289. *Allen* applied the same rule. *See Allen*, 1995 WL 396860 ("[I]f a plaintiff's financial condition

4

improves 'to the point that plaintiff's economic situation is no longer a significant barrier to maintaining [an] action,' the court may revoke that plaintiff's status.") (quoting *Murphy*, 801 F. Supp. at 289). And *Prade* relied on *Murphy* as well, stating that "the court is not bound by plaintiff's economic status on the date of filing, and if an allegation of poverty is no longer true because of a subsequent improvement in the economic status of a plaintiff, it is within the authority of the court to dismiss the proceeding or to require that the costs of the litigation to date be paid by plaintiff in lieu of dismissal." *Prade v. Jackson & Kelly*, 941 F. Supp. 596, 597 (N.D.W. Va. 1996) (citing *Murphy*, 801 F. Supp. at 289). Although the Tenth Circuit stated in *Treff* that, "when a litigant's financial condition improves during the course of the litigation, the district court may require him or her to pay fees and costs," *Treff* did not address a situation in which a plaintiff remained indigent notwithstanding an award. *See Treff*, 74 F.3d at 197. *See also id.* ("Mr. Treff does not claim he cannot afford to pay.").

      None of the cited authority stands for the proposition that a court may revoke *in forma pauperis* status in an action solely because the plaintiff made a recovery greater than the amount of fees waived. Rather, the above cases make clear that *in forma pauperis* status should be revoked only on finding that the plaintiff is not indigent. *See Murphy*, 801 F. Supp. at 289 (referring the matter to a magistrate judge for a report concerning the plaintiff's current financial status); *see also Deutsch v. United States*, 67 F.3d 1080, 1085 n.5 (3d Cir. 1995) ("In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence."). A plaintiff's receipt of an award—even a large one—will not necessarily lift him from indigence, particularly in the bankruptcy context.

      Under these standards, the essential factors in considering revocation of Olick's *in forma pauperis* status were his financial situation and/or whether it had improved since *in forma*

*pauperis* status was granted, *see Murphy*, 801 F. Supp. at 289. Here, the bankruptcy court issued its December 3, 2013 order without affording an opportunity to Olick to demonstrate that he remained indigent. Moreover, when Olick attempted to make such a showing in his motion for reconsideration—providing documents showing over $80,000 in overdue obligations to Bank of America and Northhampton County—the bankruptcy court denied the motion without explanation. In any event, when Olick was first granted *in forma pauperis* status, he had already been awarded his $15,000 plus to-be-determined-costs judgment against The Knights.

Without examining the overall state of Olick's finances, the bankruptcy court had no sufficient basis to conclude Olick's receipt of the award from The Knights warranted revoking his leave to proceed *in forma pauperis.* I will vacate the bankruptcy court's order of December 3, 2013 and reinstate the bankruptcy court's order of February 5, 2010 granting leave to proceed *in forma pauperis*. *See Zolfo, Cooper & Co.*, 50 F.3d at 257.

### B.     Retroactivity

Because I will grant the relief requested by Olick in any event, I will not consider Olick's arguments related to the retroactive effect of *in forma pauperis* revocations.

An appropriate order follows.